UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BILLY WOODRUFF                               CIVIL ACTION

VERSUS                                       NO: 19-13446

THREE MILE DRYDOCK & REPAIR, LLC,            SECTION: "H" (5)
ET AL.

ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2) or Alternatively to Transfer Venue Under 28 U.S.C. § 1404(a) (Doc. 7). For the following reasons, the Motion is **GRANTED** unless Plaintiff chooses to move for voluntary dismissal.

BACKGROUND

This is a maritime personal injury suit. Plaintiff, Billy Woodruff, alleges that while on board the M/V GREGORY P. FRAZIER, he slipped on the deck of the vessel and suffered a fracture and other injuries to his left ankle. The accident occurred in Mobile, Alabama, and Plaintiff underwent surgery there. Plaintiff now brings Jones Act claims against his employer, Three Mile Drydock & Repair, LLC ("Three Mile") as well as the owner of the M/V GREGORY P. FRAZIER, Graestone Logistics, LLC ("Graestone").

In this Motion, Defendants move the Court to dismiss the action for lack of personal jurisdiction. Alternatively, Defendants move the Court to transfer the action to the U.S. District Court for the Southern District of Alabama.

Because this Court finds that the interests of justice warrant transfer of this suit to the Southern District of Alabama, it need not specifically address

1

Defendants' request for dismissal of this case on personal jurisdiction grounds.[1] Instead, the Court will simply analyze why transfer is warranted.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[2] District courts possess broad discretion when deciding whether to order a transfer of venue.[3] The Fifth Circuit has held that in the interest of respecting forum choices by plaintiffs, a party moving for transfer must show "good cause."[4] "When the movant demonstrates that the transferee venue is clearly more convenient . . . it has shown good cause and the district court should therefore grant the transfer."[5]

## LAW AND ANALYSIS

Courts in the Fifth Circuit must consider eight factors—four public factors and four private factors—when deciding whether good cause exists to transfer a case to a different venue on convenience grounds.[6]

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of

---

[1] *See* Tappe v. DIT, LLC, No. 17-1384, 2018 WL 4402005, at *2 (W.D. La. Aug. 30, 2018) (finding "no need to make a definitive decision as to whether this court could exercise personal jurisdiction" over a defendant because transfer of venue was warranted), *report and recommendation adopted*, No. 17-CV-1384, 2018 WL 4390748 (W.D. La. Sept. 14, 2018).
[2] 28 U.S.C. § 1404(a).
[3] *In re* Volkswagen of Am., Inc., 545 F.3d 304, 311 (5th Cir. 2008) ("There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'") (quoting Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1998)).
[4] *Id.* at 315.
[5] *Id.*
[6] *See id.*

witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.[7]

### I. Private Factors

The private factors in this case weigh heavily in favor of transferring venue to the Southern District of Alabama.

*(1) Relative Ease of Access to Sources of Proof*

Defendants contend that most witnesses are located in and around Mobile, Alabama, which is in the Southern District of Alabama. This makes sense. The alleged accident occurred when the vessel was in Mobile.[8] Plaintiff's employer, Defendant Three Mile, is an Alabama limited liability company.[9] Defendants contend, and Plaintiff does not dispute, that both Three Mile and Graestone have their principal places of business in Mobile. Defendants have presented evidence showing that Plaintiff resides in Mobile, as do other crewmembers of the M/V GREGORY P. FRAZIER.[10] Plaintiff does not dispute these contentions. Further, Plaintiff explains that after the alleged accident, he was treated by Dr. William Park in Mobile, Alabama. This treatment included at least two surgeries. After these surgeries, Plaintiff did seek

---

[7] *Id.* (internal citations and quotations omitted).
[8] *See* Doc. 8 at 2.
[9] Doc. 1 at 1.
[10] Doc. 7-4 (Plaintiff's Alabama driver's license); Doc. 7-2 (declaration from Defendants' employee stating that crewmembers reside in or near Mobile, Alabama).

3

treatment in New Orleans and continues to be treated in New Orleans today. Overall, however, this factor weighs heavily in favor of transferring this suit.

*(2) Availability of Compulsory Process to Secure the Attendance of Witnesses*

Federal Rule of Civil Procedure 45(c) provides as follows:

> **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>
>> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>>
>> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>>
>>> (i) is a party or a party's officer; or
>>>
>>> (ii) is commanded to attend a trial and would not incur substantial expense.
>
> **(2) For Other Discovery.** A subpoena may command:
>
>> (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
>>
>> (B) inspection of premises at the premises to be inspected.[11]

Because most of the key people in this suit reside more than 100 miles from New Orleans, they likely would fall outside this Court's subpoena power. On the contrary, the Southern District of Alabama likely would possess subpoena power over all key people in this suit. Thus, this factor weighs in favor of transfer to the Southern District of Alabama.

---

[11] FED. R. CIV. P. 45(c).

*(3) Cost of Attendance for Willing Witnesses*

For the same reasons explained above, the cost of attendance for willing witnesses likely would be significantly higher if this suit proceeded in the Eastern District of Louisiana instead of being transferred to the Southern District of Alabama.[12]

*(4) All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive*

Trying this case in the Eastern District of Louisiana would not be easy for the parties. Much of the material evidence and witnesses are in the Southern District of Alabama. It would be less expensive, more expeditious, and easier to try this case there.

"When 'the action is still in the early stages of litigation, any delay resulting in the transfer to the proper forum should not prejudice either party.'"[13] This action is in the early stages of litigation. No trial date has been set, and discovery has not begun. Neither party is likely to suffer prejudice if the Court transfers this case. This factor weighs in favor of transfer.

Overall, consideration of the private factors strongly suggests transfer of venue is warranted in this case.[14]

## II. Public Factors

Although the public factors do not support transfer quite as strongly as the private factors, they do support transfer nonetheless.

---

[12] *See* In re *Volkswagen*, 545 F.3d at 317 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.").

[13] Norred v. Radiator Specialty Co., No. 14-936, 2015 WL 13529958, at *5 (E.D. La. Feb. 24, 2015) (quoting Roulston v. Yazoo River Towing, Inc., No. Civ. A. 03-2791, 2004 WL 1687232 (E.D. La. July 26, 2004)).

[14] *See, e.g.*, Watson v. Fieldwood Energy Offshore, LLC, 181 F. Supp. 3d 402, 411–12 (S.D. Tex. 2016) (finding that "on balance the private interest factors strongly favor transfer to the Western District of Louisiana" in a case that involved facts analogous to this one).

5

*(1) Administrative Difficulties Flowing from Court Congestion*

Defendants assert that there are no known administrative difficulties that would result if this action were transferred to the Southern District of Alabama. Indeed, Plaintiff does not offer evidence of any difficulties. Without more information, it can be assumed that this Court and the Southern District of Alabama are equally capable of adjudicating this matter. Accordingly, the Court will consider this factor to be neutral.

*(2) Local Interest in Having Localized Interests Decided at Home*

"One consideration under this factor is a preference for 'the venue in which the events giving rise to the litigation occurred.'"[15] Here, the event giving rise to this suit occurred in the Southern District of Alabama. "A second consideration is resolving disputes involving local citizens in their own locality."[16] Here, Plaintiff is an Alabama resident. According to Defendants, Three Mile has its headquarters in Mobile, Alabama, and Graestone has a principle place of business in Mobile. Plaintiff does not dispute these assertions. Further, Plaintiff's injury occurred in Alabama. As such, a jury sitting in Alabama would have a stronger interest in hearing this suit than would a jury in Louisiana.[17] This factor, therefore, weighs in favor of transfer.

*(3) Familiarity of the Forum with the Law that Will Govern the Case*

Because Plaintiff's suit involves federal Jones Act and other maritime claims, neither this Court nor the Southern District of Alabama is more or less familiar with the law that will govern the case. Thus, this factor is neutral.

---

[15] *Watson*, 181 F. Supp. 3d at 412 (quoting Molina v. Vilsack, Civil Action No. V-09-40, 2009 WL 5214098, at *10 (S.D. Tex. Dec. 23, 2009)).

[16] *Id.*

[17] *See id.* (transferring case from Texas to Louisiana and noting that "[a] jury sitting in [Louisiana] would have a stronger interest in resolving allegations that a platform accident off the coast of its shores caused severe injuries to a Louisiana resident.").

(4) *Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

This case involves no conflict of law issues. Thus, this factor is neutral.

On balance, because an Alabama jury would have a stronger local interest in this case, the public factors weigh in favor of transfer.

Taken together, the private and public factors both weigh in favor of transfer, rendering the Southern District of Alabama the "clearly more convenient" venue for this suit.[18] Plaintiff argues that his choice of venue is entitled to great deference. While it is true that his choice of forum deserves some deference, the Fifth Circuit has cautioned district courts against "giving inordinate weight to the plaintiff's choice of venue."[19] The deference given to a plaintiff's choice of forum, therefore, can be overcome "when the private and public interest factors clearly point toward trial in the alternative forum."[20]

There is no dispute about whether this case could have been brought in the Southern District of Alabama. Indeed, Plaintiff admits that it could have been. Accordingly, this Court finds that it is in the interests of justice to transfer this case to the Southern District of Alabama. In his briefing, however, Plaintiff indicates that he would prefer dismissal over transfer so that he can re-file his case in an Alabama court of his choosing.

Rule 41 of the Federal Rules of Civil Procedure provides that "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for

---

[18] In re *Volkswagen*, 545 F.3d at 315 ("When the movant demonstrates that the transferee venue is *clearly more convenient* . . . it has shown good cause and the district court should therefore grant the transfer.") (emphasis added). *See Watson*, 181 F. Supp. 3d at 413 (ordering transfer under similar facts).

[19] In re *Volkswagen*, 545 F.3d at 314–15. *See also* Norman v. H&E Equip. Servs., Inc., Civil Action No. 3:14–CV–367, 2015 WL 1281989, at *6 (M.D. La. March 20, 2015).

[20] *Norman*, 2015 WL 1281989, at *6 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981)).

7

summary judgment."[21] In this case, Defendants have not served answers or motions for summary judgment, and thus Plaintiff Woodruff is still entitled to seek a voluntary dismissal. [22]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Woodruff may file a motion to voluntarily dismiss this action under Rule 41(a) of the Federal Rules of Civil Procedure within ten days of the issuance of this Order;

**IT IS FURTHER ORDERED** that if Plaintiff Woodruff does not file a motion in compliance with the foregoing Order of the Court, Defendants' Motion to Transfer Venue (Doc. 7) to the Southern District of Alabama will be granted after accrual of the ten-day period within which Woodruff may file his motion for voluntary dismissal.

New Orleans, Louisiana this 1st day of July, 2020.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[21] FED. R. CIV. P. 41(a).
[22] *See* Allen v. Ergon Marine & Indus. Supply, Inc., Civil Action No. 08-4184, 2008 WL 4809476, at *4 (E.D. La. Oct. 31, 2008) (allowing plaintiff ten days to seek voluntary dismissal before transferring case where defendant had not served answer or motion for summary judgment).